# UDELL-PREDOCK MANUFACTURING CO. *v.* UDELL WORKS.

### TRADEMARKS; GENERIC WORDS.

Where, in a trademark case involving the registration of the word "Excelsior" as applied to stepladders, it appears that the applicant has for many years manufactured several styles of ladders embodying features of a patent, which styles it has sold under as many different tradenames, and that one style has been sold under the name of "Excelsior," it will not be presumed, at the instance of the opposer of the application, in the absence of substantive proof, that the word has

become a generic designation of ladders manufactured by the applicant, instead of a name indicating a source or origin of manufacture,—especially where it also appears that several other concerns have manufactured ladders embodying the same patent ,and designated them under different tradenames.

No. 523.   Patent Appeals.   Submitted November 18, 1908.   Decided December 22, 1908.

HEARING on an appeal by the opposer from a decision of the Commissioner of Patents dismissing a notice of opposition to an application for the registration of a trademark, and registering such trademark.                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. James L. Hopkins* and *Mr. Alfred A. Eicks* for the appellant.

*Mr. Chester Bradford, Mr. Arthur M. Hood,* and *Mr. E. W. Bradford* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by the Udell-Predock Manufacturing Company, which is opposing the registration of the word "Excelsior" to appellee, the Udell Works, from a decision of the Commissioner of Patents granting such registration.

From 1870 to 1884 several patents for improvements in stepladders were issued to Calvin G. Udell, the predecessor of the Udell Works.   The patentee commenced the manufacture of stepladders in Chicago, about 1870, and adopted the word "Excelsior" as his trademark.   Later the patentee removed to Indianapolis, where the appellee company is now located.   The Excelsior ladder, which embodied features of several, but not of all, of the patents,. continued to be manufactured.   The company also manufactured six other styles of ladders, some of which very closely resembled the one sold under the mark "Ex-

celsior," and all of which embodied features of the Udell patents. M. R. Udell, the organizer of the appellant company and brother of said Calvin G. Udell, was a selling agent for the goods of appellee until about January, 1906, when his connection with the appellee company terminated. Upon the organization of the appellant company in St. Louis it commenced the manufacture and sale of ladders which were exact duplicates of those manufactured by the Udell Works, and which it sold under the same trademark applied by the Udell Works.

The sole question here involved is whether the word "Excelsior" became, during the life of the Udell patent, the generic designation of the ladders manufactured under said patents, instead of a name exclusively indicating the source or origin of manufacture. There is no evidence in the record upon which to base such a finding. The only evidence of appellant on this point is found in the testimony of said M. R. Udell, and his testimony is in the nature of an opinion, and contains no substantive proof. On the other hand, the testimony of appellee tends to show that "Excelsior" was applied to a ladder of superior workmanship, and did not in any sense become the generic designation of the output of the company. This contention is materially strengthened by the evidence that the company manufactured and sold six other styles of ladders embodying features of the same patent, which it sold under as many different tradenames. It also appears that several other firms have manufactured ladders embodying these patents, which have been designated under different tradenames.

While care should be taken lest a monopoly be continued beyond the life of a patent, through the agency of a tradename which has come to indicate to the public the patented article, the Patent Office would not be justified in *presuming* that a trademark was generic. In the present case the appellee company has built up a trade in ladders because of the superior excellence of the product and the fair dealings of the company. Manifestly it would be unjust to deny the company the benefit of its reputation, unless convinced that to do so would prolong a monopoly.

We see nothing in *Singer Mfg. Co.* v. *June Mfg. Co.* 163 U. S. 169, 41 L. ed. 118; 16 Sup. Ct. Rep. 1002, inconsistent with our conclusion in this case. In that case the word "Singer" was applied to all the sewing machines manufactured by the company, and all the machines embodied certain fundamental patents controlled by the company. In other words, the name "Singer" represented the whole class of machines, and was so understood by the public. Here the word "Excelsior" was only one of several words applied to a patented product, and we think indicated origin, and not genus.

The decision of the Commissioner of Patents is affirmed, and the clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents, as required by law. *Affirmed.*